**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 95-40826
(Summary Calendar)

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

DONALD LARAY FAGAN,

                                        Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
(5-95-CR-8-1)

July 18, 1996

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Donald Laray Fagan entered a plea of guilty to carjacking, aiding and abetting, and use of or carrying a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1), and 2119, for which he was sentenced to 420 months of imprisonment. On appeal, Fagan complains of purported sentencing errors regarding (1) a six-level upward adjustment to

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

his offense level based on permanent or life-threatening injury, pursuant to U.S.S.G. § 2B3.1(b)(3)(C); (2) a four-level upward adjustment for abduction, pursuant to U.S.S.G. § 2B3.1(b)(4)(A); (3) an upward departure from the guidelines range based on (a) extreme conduct, pursuant to § 5K2.8, (b) multiple firearms pursuant to § 5K2.0, and (c) inadequacy of criminal history category pursuant to § 4A1.3; and (4) a denial of reduction in offense level for acceptance of responsibility. For the reasons set forth in <u>United States v. Hawkins</u>, No. 95-40828, 1996 WL 361330 (5th Cir. Jun. 28, 1996), and for the additional reasons, peculiar to Fagan, set forth below, we affirm his sentence.

Our opinion in <u>Hawkins</u> presents the details of the criminal conduct of a group of co-defendants of which Fagan was a member, and sets forth our reasoning for affirming the same kinds of adjustments in offense level and the same kind of upward departure of which Fagan here complains. We incorporate by reference that reasoning, and affirm those aspects of Fagan's sentencing that are essentially indistinguishable from those we affirmed in <u>Hawkins</u>. Specifically, for the reasons set forth in <u>Hawkins</u>, we affirm the six-level upward adjustment based on permanent or life-threatening injury, the four-level upward adjustment based on abduction, and the upward departure from the guidelines' range based on extreme conduct, multiple firearms, and inadequacy of criminal history category for Fagan. That leaves only Fagan's complaint regarding acceptance of responsibility to be considered here.

Fagan argues that, in denying the decrease in offense level

for acceptance of responsibility, the district court erred in considering Fagan's jail escape pending sentencing. He insists that his plea of guilty conserved judicial resources and saved the government the time and expense of going to trial, thereby entitling him to reduction for acceptance of responsibility. Not surprisingly, Fagan does not address the consumption of judicial and governmental time and resources resulting from his escape.

In reviewing the sentencing court's acceptance of responsibility determination for clear error, United States v. Watkins, 911 F.2d 983, 984 (5th Cir. 1990), we afford that court great deference. Section 3E1.1; see Watkins, 911 F.2d at 985. A guilty plea does not, in and of itself, warrant a reduction for acceptance of responsibility. United States v. Paden, 980 F.2d 1229, 1237 (5th Cir. 1990), cert. denied, 498 U.S. 1039 (1991). The defendant bears the burden of proving entitlement to the downward adjustment for acceptance. United States v. Kinder, 946 F.2d 362, 367 (5th Cir. 1991), cert. denied, 503 U.S. 987 and 504 U.S. 946 (1992).

Fagan's escape from custody before sentencing made him eligible for an imposition of a two-point upward adjustment for obstruction of justice under § 3C1.1; he did not, however, receive such an adjustment. The guideline applicable to acceptance of responsibility states that "[c]onduct resulting in an enhancement under § 3C1.1 . . . ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." § 3E1.1 comment.(n.4). The guidelines clearly contemplate such an

3

interaction of these two provisions.

In an almost identical case, which involved a defendant who had attempted to escape from jail while awaiting sentencing on a federal firearms charge, the Tenth Circuit held that the escape attempt justified the district court's denial of a reduction for acceptance of responsibility. United States v. Amos, 984 F.2d 1067, 1973 (10th Cir. 1993). The Amos court stated that

> because the obstruction enhancement and acceptance of responsibility reduction are intertwined, recognition of the obstruction enhancement does provide grounds for the denial of Defendant's acceptance of responsibility reduction.

Id. at 1073. Given the district court's finding that Fagan had escaped and the deferential standard of review applied to findings regarding acceptance of responsibility, we conclude that the district court did not commit reversible error in determining that Fagan was not entitled to such a reduction.

For the foregoing reasons, and for the reasons set forth in our opinion in Hawkins, the sentence imposed on Fagan by the district court is, in all respects,

AFFIRMED.